Jack Stanislaw, J.
This action was placed on the calendar by plaintiffs’ filing of a note of issue without a statement of readiness about a year ago. Recently, almost a year later, plaintiffs served a notice of examination before trial and to produce, both of which were, on defendant’s motion, vacated as untimely and waived. Reargument is requested by plaintiffs on the basis of a present amplification of the purported urgency and necessity for disclosure coupled with an alleged demonstration of prejudice if it not be allowed. We had previously noted the absence of such information in that plaintiffs’ excuse was simply that such disclosure was inadvertently overlooked.
Aside from the statement that there was no intent on plaintiffs’ part to waive further disclosure, emphasis is placed on the fact that the infant plaintiff herein was but 3% months old at the time of this accident. While with her mother on defendant’s premises she was injured while riding on an escalator. Counsel indicates plaintiffs’ tentative reliance on a res ipsa loquitur theory, yet points out that ‘ ‘ it would be advisable for the plaintiff to prove the defendant actually negligent.” In that event, the jury will then ‘ ‘ take cognizance of the infant plaintiff’s mother as an interested witness ”. All this is supposedly demonstrative of the urgency and necessity for disclosure, to say nothing of the prejudice likely otherwise. In short, plaintiffs want disclosure as to the escalator’s maintenance because it “ will bolster to the optimum degree the negligence of defendant based upon a fair preponderance of credible evidence ’ ’. Furthermore, the infant plaintiff, a ward of the court, should not be burdened at trial by the inadvertent error of her attorney or his secretary.
If defendant cannot pursue disclosure in this Department after plaintiffs’ note of issue and statement of readiness have been filed (Byrnes v. Dan’s Taxi, 18 A D 2d 807; Colonel v. Mynel Transp. Corp., 23 A D 2d 757) we fail to perceive a distinction in a situation where the roles are reversed, as here. *816 The Buies of the Appellate Division, Second Department, require a showing of “ unusual and unanticipated conditions ” (part 7, rule VII) to allow otherwise when accompanied by a reasonable excuse for the appearance of a waiver (Colonel v. Mynel Transp. Corp., supra). A clerical error, even when inadvertent, is not such a reasonable excuse (Byrnes v. Dan’s Taxi, supra).
The tender years of the infant plaintiff herein alone are not enough to permit this court to disregard the prevailing rules of calendar practice. The infancy of a party cannot serve as a shield against measures adopted specifically to regulate calendars in all cases, whether contested by adults or by children. At any rate, this is beside the main point, which is that the only ‘1 unusual or unanticipated conditions ’ ’ argued here are those reflecting the quantum of information to be made available to plaintiffs ’ attorney in advance of trial. It is hardly unusual or beyond anticipation that this litigant’s attorney would want to nail down his adversary’s responsibility to the optimum degree. No prejudice to plaintiffs is therefore apparent in the fact that they simply do not now have every last bit of information they would like to have.
Beargument is granted, but the original determination is confirmed.